**Opinion issued December 31, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-20-00223-CV

### NO. 01-20-00224-CV

_____

## W.J. BILLY DEVILLIER AND PAULA WINZER, Appellants

### V.

## A.P. LEONARDS AND MILDRED G. LEONARDS, Appellees

---

**On Appeal from the County Court**
**Chambers County, Texas**
**Trial Court Case Nos. P03986A, P03846A**

---

### OPINION DISSENTING FROM DENIAL OF REHEARING

In this case, appellants, W.J. "Billy" Devillier and Paula Winzer, will

executors in these related cases, filed petitions for permission to appeal two virtually

identical interlocutory orders on a will construction issue of first impression—

whether an exculpatory clause in a will may apply not only to a trustee but also to the executor of a will. The panel denied permission to appeal per curiam. Appellants filed a motion for rehearing. On reconsideration, I would grant appellants' motion for rehearing and would grant permission to appeal to resolve the controlling question of law presented by the case.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion," and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. APP. P. 28.3(e)(4) (providing that petition for permissive appeal in civil case must "argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation"); TEX. R. CIV. P. 168 (providing that on party's motion or on its own initiative, trial court may permit appeal from interlocutory order not otherwise appealable, "as provided by statute"; "[p]ermission must be stated in the order to be appealed"; and "permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially

2

advance the ultimate termination of the litigation"). I conclude that appellants' petition clearly satisfies all requirements governing permissive appeals.

Both the trial court's orders and appellants' petitions for permissive appeal identify the enforceability of the exculpatory clauses in the wills as the controlling issue of law and assert that the issue is one of first impression in Texas. The trial court's orders, dated March 12, 2020, state:

> The Court's ruling contained in this *Amended Order on Will Construction Issues* pertains to a controlling question of law, which is undecided in Texas and to which there is a substantial ground for difference of opinion. *The controlling question of law is whether the exculpatory clause contained [in each of the decedents' wills] is enforceable under Texas law.*

(Emphasis added.)

The issue, as stated in appellants' petitions for permission to appeal, is "the validity and enforceability of an exculpatory clause contained in a will that applied to an independent executor instead of a trustee." As the petitions explain, each of the wills at issue contains an exculpatory clause that excuses both the executor of the will and the trustees of the testamentary trust "from liability for any action taken or for the failure to take any action, if done in good faith and without gross negligence." Here, the trial court ruled in its March 12, 2020 "Amended Order[s] on Will Construction Issues" that this exclusionary clause did not apply to the executors of the wills. Relying on law from both the Texas Supreme Court and this Court holding

3

such exculpatory clauses enforceable as to trustees, appellants argue, as an issue of first impression, that the same law should apply to executors.

The petitions for permission to appeal also argue that this Court has held a virtually identical clause enforceable as to both the executor and the trustee. In *Kohlhausen v. Baxendale*, the will at issue created a testamentary trust and also included the following provision:

> 9.4 . . . Any Executor or Trustee shall be saved harmless from any liability for any action such Executor or Trustee may take, or for the failure of such Executor or Trustee to take any action if done in good faith and without gross negligence.

*See* No. 01-15-00901-CV, 2018 WL 1278132, at *1 (Tex. App.—Houston [1st Dist.] Mar. 13, 2018, no pet.) (mem op.). Kohlhausen filed suit against Baxendale, the independent executor under the will, arguing that a former trustee of the testamentary trust had breached his fiduciary duty to the other trust beneficiary. *Id.* Baxendale moved for summary judgment, arguing that the plain language of the exculpatory clause relieved the trustee from liability for any actions or omissions "if done in good faith and without gross negligence." *Id.* at *2. The trial court granted summary judgment in favor of Baxendale, and this Court upheld the ruling, noting that "[t]he Will plainly states that [the trustee] is not liable for any acts or omissions so long as such conduct was done 'in good faith and without gross negligence.'" *Id.* at *3. This Court held that, to survive summary judgment, Kohlhausen was required to present more than a scintilla of evidence creating a fact issue that the former

4

trustee's acts or omissions were done in bad faith or with gross negligence, which Kohlhausen failed to do. *Id.* at *3–4.

Each of the wills at issue in this case contains a nearly identical exculpatory clause applicable to "each Executor or Trustee." However, the trial court in this case held contrary to *Kohlhausen* with respect to the executors in this case, appellants, on authority presented by appellees. Clearly, these contrary judgments with respect to trustees and executors on essentially identical exculpatory clauses set forth a question of law as to which there is substantial ground for difference of opinion.

Moreover, as appellants point out, this ruling of the trial court necessarily entails that the jury charge will be different as to who may be held liable for breach of fiduciary duties under the will if we deny this permissive appeal than if we grant it and write an opinion construing the law, disagreeing with the trial court, and holding that the exculpatory clause is enforceable as to executors. There are clearly grounds for disagreeing on this controlling question of law for the case, as shown by *Kohlhausen* and by the trial court's will construction orders in these related cases. The issue also presents an important question of law for all drafters of wills and executors in Texas in the future. And all the time and money spent litigating the case on the wrong charge will be wasted if this court refuses to grant the petition for permissive appeal, as it has now done, and the case is tried on the wrong theory of liability and is subsequently reversed on this point of law.

5

In my view, by refusing to accept this permissive appeal the panel makes an arbitrary and capricious decision that we do not have license to make, that wastes litigation and judicial resources, and that cannot be reasonably supported when considering the plain language of the petition, the trial court's order, prior relevant case law, and the governing statute and procedural rules, including Civil Practice and Remedies Code section 51.014(d), Rule of Appellate Procedure 28.3(e)(4), and Rule of Civil Procedure 168. Moreover, by refusing to entertain and decide this permissive appeal we also refuse to consider a ruling by the trial court that implicitly contravenes our own recent *Kohlhausen* case, inviting a trial on a possibly erroneous theory of law, exactly as argued by appellants.

## Conclusion

I conclude that the petitions for permissive appeal satisfy each requirement of Civil Practice and Remedies Code section 51.014(d), Rule of Appellate Procedure 28.3(e)(4), and Rule of Civil Procedure 168. The petitions clearly seek a ruling on a controlling question of law as to which there is substantial ground for difference of opinion, so granting the petitions would materially advance the ultimate resolution of the litigation, with substantial savings of litigation and judicial resources. Accordingly, the panel majority's decision denying permission for permissive

appeal is arbitrary and capricious and is an abuse of this Court's broad discretion.[1]

Therefore, I respectfully dissent from denial of rehearing of these petitions for permission to appeal. I would grant the petitions.


                                                  Evelyn V. Keyes
                                                  Justice

Panel consists of Justices Keyes, Lloyd, and Landau.

Justice Keyes, dissenting from denial of rehearing.

---

[1] *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (stating that test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles," i.e., "whether the act was arbitrary or unreasonable").